IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:24-CV-235-KDB-DCK

| | |
|---|---|
| AMP SERVICES, LLC, ICECOLD US LLC, TREE SPROUT LLC, and AUSTIN MCCOY POWELL, ) ) ) ) | |
| Plaintiffs, ) | **PROTECTIVE ORDER** |
| v. ) ) | |
| AUTO-OWNERS INSURANCE COMPANY, ) ) | |
| Defendant. ) ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion And Stipulation For Protective Order" (Document No. 13) filed January 17, 2025. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion and enter the parties' proposed Protective Order as follows.

I. <u>**SCOPE AND PURPOSE**</u>.

    A. Plaintiffs and Defendant (collectively, the "Parties" and individually, a "Party") contemplate that in the course of this litigation they, and third-parties, may produce to one another or receive testimony, documents, data, information, or materials that are confidential, as defined below.

    B. This Stipulated Protective Order ("Stipulation") shall be applicable to and govern the handling of all testimony, documents, data, information, or materials produced, filed, or disclosed during discovery.

C. The intent of this Stipulation is to promote comprehensive and robust discovery while protecting the confidentiality of certain materials and protecting the Parties from inadvertent production or disclosure of confidential materials or information.

D. This Stipulation is intended to govern the dissemination, production, receipt, possession, and destruction of confidential testimony, documents, data, information, or materials. This Stipulation is not intended to govern the admissibility or handling of evidence at trial. All objections to admissibility are expressly reserved, and the handling and dissemination of evidence at trial shall be directed by this Court before or during trial.

II. **DEFINITION OF CONFIDENTIAL MATERIALS.**

A. "Confidential Material" shall include any testimony, document, data, information, or material, whether physical or electronic, that is commercially sensitive, secret, or proprietary, including but not limited to items that constitute a trade secret under applicable law.

III. **DESIGNATION OF CONFIDENTIAL MATERIALS.**

A. In the course of this litigation, any Party may designate any document, testimony, or other information as "Confidential" if that Party believes in good faith that the material is Confidential, as that term is defined in this Stipulation.

B. Confidential Material that <u>has not</u> been previously or inadvertently produced shall be designated as follows:

1. <u>Documents</u>. A document may be designated as "Confidential" by marking "CONFIDENTIAL" on the face of the document and on each page that contains Confidential Material.

2. <u>Interrogatory Answers</u>.  An interrogatory answer may be designated as "Confidential" by marking "CONFIDENTIAL" on each page of any answer that contains Confidential Material.

3. <u>Depositions</u>.  Any portion or all of a deposition may be designated as "Confidential" by notifying the other Parties on the record during the deposition or in writing within fourteen (14) days of the date the designating Party receives the transcript.  Prior to the expiration of this fourteen-day period, all transcripts and the information contained therein will be deemed to be Confidential Material under the terms of this Stipulation.  All copies of deposition transcripts that contain Confidential Material shall be marked "CONFIDENTIAL" on the cover thereof.

4. <u>Briefs, pleadings, and other filings</u>.  Where a Party is not able to redact briefs, pleadings, or other filings with the Court so as to protect Confidential Material, the portion containing the Confidential Material shall be filed under seal.

**IV. USE OF CONFIDENTIAL MATERIALS.**

A. Confidential Material shall be used only for the purpose of this litigation and not for any other purpose.

B. Treatment, dissemination, and handling of Confidential Material in connection with any hearing or trial shall be left in the Court's sound discretion.

C. Confidential Material shall be subject to the following restrictions:

1. Confidential Material may be disclosed only to: the Parties, its employees, officers, directors, agents, vendors and subcontractors; counsel for any

3

Party, and their associates, paralegals, or support staff; the Parties' accountants; the Court; experts or consultants (including their employees or support staff); mediators, arbitrators, or other persons providing litigation support services; witnesses and deponents, including potential witnesses and potential deponents; stenographers, court reporters, copy services, employees of document or data management firms, and similar personnel rendering transcription, copying, recording, audiovisual, or document management services in connection with this litigation; any other person to whom the Parties agree in writing; and, Confidential Material may be disclosed upon a showing of good cause to other persons authorized by the Court.

2. Only those portions of briefs, pleadings, or other filings with the Court that actually disclose Confidential Material shall be separately labeled "Documents Subject to Stipulated Protective Order" and filed under seal and shall remain under seal until the Court orders otherwise.

3. A Party seeking to file Confidential Material under seal shall accompany the request with a motion to seal and a supporting memorandum of law.

## V. DISPUTES.

A. The burden of proof that materials designated as "Confidential" are entitled to protection under this order is on the designating Party.

B. If any Party challenges the designation of any Confidential Material, the designating Party may file a motion with the Court seeking protection of the designated material. The designated item(s) shall remain "Confidential" until

4

resolution of the dispute unless the designation is waived by the designating Party's failure to file an appropriate motion seeking protection under this Stipulation within fourteen days of the challenging Party's written objection to the designation.

C. No Party shall be obligated to challenge the propriety of a designation of any document, testimony, or other information marked as "Confidential" when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.

D. Any disputes or objections regarding the admissibility of documents, testimony, or other information at trial shall be preserved until trial.

VI. **TERMINATION OF LITIGATION.**

A. In accordance with the Case Management Order entered in this action, the ultimate disposition of Confidential Materials shall be subject to a final order of the Court upon completion of litigation.

**SO ORDERED**.

Signed: January 17, 2025

David C. Keesler
United States Magistrate Judge

**AGREED TO BY:**

| | |
|---|---|
| LAW OFFICES OF AMOS & KAPRAL, LLP | MCANGUS, GOUDELOCK & COURIE, PLLC |
| /s/ T. Dean Amos<br>By:     T. Dean Amos<br>N.C. State Bar No. 14024<br>Attorney for Plaintiffs<br>1331 N. Center Street<br>Hickory, NC 28601<br>(828) 855-3152; (828) 855-3154 facsimile<br>dean@amoskapral.com | /s/ Jeffrey B. Kuykendal<br>By:     Colin E. Scott<br>N.C. State Bar No. 23894<br>Jeffrey B. Kuykendal<br>N.C. State Bar No. 37693<br>Attorneys for Defendant<br>P.O. Box 30307<br>Charlotte, NC 28230<br>colin.scott@mgclaw.com<br>jeffrey.kuykendal@mgclaw.com |