UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-CV-00235-MEO-DCK

AMP SERVICES, LLC, TREE SPROUT LLC, ICECOLD US LLC, AND AUSTIN MCCOY POWELL,

Plaintiffs,

v.

AUTO-OWNERS INSURANCE COMPANY,

Defendant.

MEMORANDUM & ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Exclude the Expert Opinion and Report of John Martin (Doc. No. 38) and the parties' supplemental briefs (Doc. Nos. 49, 51). Defendant Auto-Owners Insurance Company offers Mr. Martin to testify that the July 11, 2023 fire at 30 North Main Street, Granite Falls, North Carolina, was incendiary, ignited by a halogen spotlight placed beneath pine straw and tires. Because Mr. Martin did not reliably eliminate two other competent ignition sources in the area of origin, the motion will be granted in part.

## I. BACKGROUND

The fire at issue in this case began in the basement of Plaintiff Austin Powell's warehouse. Powell used the warehouse basement as a storage room. After the fire was out, Powell filed a claim with Defendant, his insurer. Defendant sent its retained fire expert, Mr. John Martin, to inspect the scene and determine the origin and cause of the fire.

Relevant here, the storage room contained unused pine straw and a stack of tires. An orange extension cord, plugged into a receptacle in an adjacent room, ran into the storage room. A metal electrical conduit that had been mounted to the room's wooden ceiling was found after the fire on the floor in the pine straw. Ultimately, Mr. Martin's report concluded that the fire was incendiary and that "[t]here were no other potential ignition sources identifie[d] within the area of origin, thus eliminating all accidental and natural causes." (Doc. No. 37-2 at 6). The report also stated that there were no electrical conductors in the room. (Doc. No. 49-2; Martin Dep. 126:21–24). Plaintiffs move to exclude the expert report, opinions, and testimony of Mr. Martin. (Doc. No. 38-1 at 1).

## II. LEGAL STANDARD

Under Federal Rule of Evidence 702 expert testimony is admissible only if "the proponent demonstrates to the court that it is more likely than not that," among other things, "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(d). Whether an expert has reliably applied his method is a question of admissibility for the Court, not merely one of weight. *See* Fed. R. Evid. 702; *see also Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281–84 (4th Cir. 2021).

## III. DISCUSSION

Mr. Martin purports to apply the methodologies set out in the National Fire Protection Association 921 Guide for Fire and Explosion Investigations ("NFPA 921"). Under that guide, every competent ignition source in the area of origin must be tested

as a hypothesis, and a source "should be eliminated from consideration only if there is reliable evidence that [it] could not be the ignition source." (Doc. No. 49-1 at 4; NFPA 921 § 19.5). "The investigator is cautioned not eliminate a potential ignition source merely because there is no obvious evidence for it," such as no arcing. *Id.* NFPA 921 generally requires application of the scientific method—the collection of data, the development of hypotheses based on the data, and the rigorous testing of those hypotheses through physical testing or analysis based on deductive reasoning. *See generally id.* at 1–5. And "[i]n circumstances where all hypotheses have been rejected, or if two or more hypotheses cannot be rejected, the only choice for the investigator is to conclude that the fire cause, or specific causal factors, is undetermined." *Id.* at 5; NFPA 921 § 19.6.5.1. Notably, the Fourth Circuit has affirmed the exclusion of a fire investigator who, among other problems, failed to exclude other reasonable causes. *Bryte v. Am. Household, Inc.*, 429 F.3d 469, 477–78 (4th Cir. 2005).

Plaintiffs move to exclude Mr. Martin's opinion for various reasons. For the reasons explained below, the Court will exclude Mr. Martin's opinion on causation pursuant to Federal Rule of Evidence 702(d) as an unreliable application of his chosen principles and methods to the facts of the case.

**A. The Extension Cord**

Mr. Martin agreed that the extension cord was in the area of origin, that the connection between an extension cord and an appliance is a common source of fires, and that the cord was a potential ignition source. (Doc. Nos. 42-1, 49-2; Martin Dep. 204:7–13, 209:15–18, 242:21–25). Asked what methods he used to exclude it, he

answered, "I couldn't exclude it." *Id.* 206:21–24, 210:10–12. Asked what he did to determine that the connection did not fault, he answered, "I didn't do anything," adding that another consultant examined the cord months later. *Id.* 211:19–22. Defendant contends that Mr. Martin attributed damage to the cord to fire attack. (Doc. No. 51 at 2). But Mr. Martin testified that the cord's severance "could have been" caused by fire attack, by an arc, or by mechanical damage, and that resolving that question was "what Tom Kelly was hired for." (Martin Dep. 204:14–205:2). His elimination of the cord rested on what he called "cognitive testing": "Basically I thought about it, put all this together." *Id.* 213:11–23. That is not elimination based on reliable evidence as required by NFPA 921. Thus, Defendant fails to show by a preponderance of the evidence that Mr. Martin reliably applies NFPA 921 standards.

**B. The Conduit**

Mr. Martin's report states that there were no electrical conductors in the room of origin. Yet he testified at deposition that a conduit carrying conductors ran through the room and was a potential ignition source. *Id.* 126:7–24, 207:25–208:1. He excluded it based solely on a visual examination of its exterior; he did not examine the conductors. *Id.* 210:7–9, 212:21–23. Mr. Martin is not an electrical engineer and testified that he was "not competent to testify" that the conduit was not a source of the fire. *Id.* 171:13–172:12. He agreed that nothing in the scene photographs eliminated the hypothesis that the conduit overheated the ceiling and dropped burning material into the pine straw. *Id.* 143:5–145:17.

Defendant relies on Mr. Martin's burn-pattern analysis. But Mr. Martin

acknowledged that "[t]he flame got up there" to the ceiling. *Id.* 290:17–18. Mr. Martin suggested that a conduit fire would have "dropped burning metal down," and then agreed that the conduit itself had fallen to the floor. *Id.* 291:10–17. Asked whether the conduit could have started the fire, he answered: "it could have, but I didn't see any -- any signs of that." *Id.* 291:18–21. Like the electrical cord, the record makes clear that Mr. Martin did not exclude the electrical source based on reliable evidence, and as a result, Defendants have failed to show by a preponderance of the evidence that Mr. Martin reliably applied the methodologies proscribed by NFPA 921. *See* (Doc. No. 49-1 at 4; NFPA 921 § 19.5).

**C. Other Experts' Conclusions**

Defendant asserts that Mr. Martin's opinion is reliable because he has concluded "as has every other expert, that . . . the fire was incendiary." (Doc. No. 51 at 2). That other investigators reached the same conclusion does not supply the missing analysis; an expert may rely on what others observed, but not on their conclusions about cause. *Bryte*, 429 F.3d at 477. And Mr. Martin's agreement on redirect that the cord and conduit were "possible but not more likely than not" rested on "[n]o scientific testing." (Martin Dep. 280:10–281:19). Ranking unrejected hypotheses is not eliminating them.

Because Defendant has not shown by a preponderance of the evidence that Mr. Martin reliably eliminated these two sources, Mr. Martin's cause opinion does not reflect a reliable application of his method and will be excluded. Fed. R. Evid. 702(d).

For these same reasons, the Court will exclude Mr. Martin's report.[1] The Court need not, and does not, resolve the parties' dispute over what Investigator Shane Clark told Mr. Martin.

**D. Testimony Mr. Martin May Offer**

This ruling excludes Mr. Martin's cause opinion, not his testimony as a fire investigator. A witness may be qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Thus, Mr. Martin may testify to what he observed and may offer opinions that his observations and experience reliably support. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148–49 (1999). Subject to those requirements, the Court finds that Defendant has shown by a preponderance of the evidence that Mr. Martin may offer the following limited testimony:

(a) **Observations.** He may describe his examination of the scene, the electrical service, breaker panels, gas meter, burn patterns, fuel load, conduit, spotlight remains, and extension cord. (Doc. No. 37-2).

(b) **Origin.** He may opine that the fire originated at floor level in the basement storage room, among the pine straw and tires, and explain the burn patterns and fuel load on which that opinion rests. (Martin Dep. 143:17–18, 290:2–11).

[1] Nothing in this Order prohibits the introduction of Mr. Martin's opinions or report through another witness for any other purpose permitted by the Federal Rules of Evidence, subject to a limiting instruction.

(c) **Fire development.** He may opine on how the fire spread from that origin, including whether the heat damage at the ceiling is consistent with burning tires below. *Id.* 290:8–11, 291:6–9.

(d) **Sources outside the area of origin.** He may opine that the building's electrical service, breaker panels, and gas service showed no evidence of involvement in the fire. *See* (Doc. No. 37-2).

(e) **The conduit.** He may testify that he visually examined the conduit's exterior and observed no arcing, blowouts, or other visible signs of electrical activity, and may opine that, based on his experience as a fire investigator, the conduit did not appear to him to have failed from the inside. *Id.* 171:19–21, 172:8–12.

Mr. Martin may not convert these opinions into an opinion on cause. He may not testify that the fire was incendiary; that the spotlight was energized or was the ignition source; that the extension cord, conduit, or any other source was excluded, eliminated, or ruled out; or that the cord's damage resulted from fire attack. And because his cause opinion is excluded, Mr. Martin may not relay what other investigators told him about where the spotlight was found. That evidence must come from witnesses with personal knowledge. *See* Fed. R. Evid. 703.

These limits mirror the Court's ruling that Plaintiffs' expert may not opine that the conduit caused the fire, but that Plaintiffs may use the conduit's existence for other purposes and may cross-examine Mr. Martin about the conduit or any other deficiencies in his report or opinion. Nothing in

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion to Exclude the Expert Report, Opinions, and Testimony of John L. Martin (Doc. No. 38) is **GRANTED IN PART and DENIED IN PART** as follows:

1. Mr. Martin's Report is **EXCLUDED** and shall not be admitted to prove the cause of the fire.
2. Mr. Martin **SHALL NOT** testify that the fire was incendiary; that the halogen spotlight was the ignition source; or that the extension cord, the conduit, or any other potential ignition source was excluded, eliminated, or ruled out.
3. Mr. Martin may testify to his observations and may offer the opinions described above regarding the origin of the fire, its development, sources outside the area of origin, and the appearance of the conduit, subject to the conditions stated herein.

**SO ORDERED.**

Signed: October 8, 2026

Matthew E. Orso
United States District Judge